**Tracy L. KEY, Plaintiff,**

v.

**DSW INC., Defendant.**

No. 2:06–cv–459.

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 27, 2006.

John Charles Murdock, Jeffrey Scott Goldenberg, Todd B. Naylor, Murdock Goldenberg Schneider & Groh LPA, Christian A. Jenkins, Marc David Mezibov, Stacy Ann Hinners, Mezibov & Jenkins, LLP, Cincinnati, OH, Charles Rockwell Saxbe, David John Butler, Elizabeth Jean Watters, Chester Willcox & Saxbe, Columbus, OH, for Plaintiff.

James Edgar Phillips, Robert Neal Webner, Suzanne Kay Richards, Vorys Sater Seymour & Pease, Columbus, OH, for Defendant.

## OPINION AND ORDER

FROST, District Judge.

The matter is before the Court for consideration of a Motion To Dismiss (Doc. # 6) filed by Defendant, DSW Inc. ("DSW"), a Memorandum In Opposition (Doc. # 10) filed by Plaintiff, Tracy L. Key, and a Reply Memorandum filed by Defendant. (Doc. # 11.) The Court finds the Defendant's motion well taken. In short, the Court finds that Plaintiff has failed to allege that she has suffered an injury-in-fact and therefore has not met the constitutional requirements for standing in federal court under Article III. Thus, the Court dismisses all the Plaintiff's claims for lack of standing.

### I. Statement of the Issues

This case presents the following issues for the Court: (1) in a class action lawsuit, when a class has yet to be certified, is the standing requirement under Article III of the Constitution determined solely by the injury to the named plaintiff prior to and separately from that of the putative class; (2) in an identity theft context, is an increased risk of financial harm by an unknown third party at an unidentified point in the indefinite future too speculative to constitute a cognizable injury to confer standing; and (3) does a defendant concede that a plaintiff has alleged cognizable damages when it removes a case pursuant to the Class Act Fairness Act.

By dismissing all of Plaintiff's claims for lack of standing, the Court also finds that Plaintiff has not alleged cognizable damages sufficient to state a contract, negligence, conversion, or, breach of fiduciary duty claim. Therefore, it need not address whether Plaintiff has met the other material elements of each of her claims.

### II. Background

Between November 2004 and March 2005, Defendant, DSW, collected and maintained credit card, debit card, and checking account numbers and other confidential personal financial information of approximately 1.5 million consumers who purchased merchandise at DSW retail outlets. (Doc. # 14 ¶ 1.) Because of DSW's

alleged improper retention and failure to secure this information, on or about March 2005 unauthorized persons obtained access to and acquired the information of approximately 96,000 customers. *Id.*

As a result, Plaintiff's Amended Complaint alleges several tort and contract claims against DSW. (Doc. # 14 ¶¶ 47, 55, 60, 67, 78.) The introductory paragraph states that as a consequence of this disclosure, Plaintiff and the class have been subjected to "a substantially increased risk of identity theft, and have incurred the cost and inconvenience of, among other things, canceling credit cards, closing checking accounts, ordering new checks, obtaining credit reports and purchasing identity and/or credit monitoring." *Id.* ¶ 1. However, Plaintiff's negligence claim bifurcates the injury between the injury suffered by Plaintiff, and the injury suffered by the putative class members. *Id.* ¶ 47. Plaintiff's negligence claim states that:

> the class members [have been] incurring and suffering inconvenience and aggravation associated with closing accounts and opening new accounts, obtaining credit reports, and purchasing credit and/or identity monitoring ... [and the] *Plaintiff and the class* have been subjected to a substantial increase in their risk of identity theft and other related financial crimes.

*Id.* ¶ 47 (emphasis added).

Moreover, with respect to Plaintiff's remaining claims, which include breach of contract, conversion and breach of fiduciary duty claims, Plaintiff alleges that Plaintiff and the class' damages amount only to "hav[ing] been subjected to a substantial increased risk of identity theft or other related financial crimes." *Id.* ¶¶ 56, 60, 67, 78. Plaintiff seeks injunctive relief, punitive damages, and attorneys' fees. *Id.* at 20–21. The parties have completed briefing on the motion, and the motion is now ripe for disposition.

## III.  Discussion

### A.  Standard of Review under Fed. R.Civ.P. 12(b)(6)

Defendant moves for dismissal of Plaintiff's Amended Complaint under Fed. R.Civ.P. 12(b)(6). Dismissal is warranted under this rule "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir.2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). A court considering a motion to dismiss under Rule 12(b)(6) for lack of standing "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir.2002) (citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir.2003).

### B.  Standing

■ Standing is an integral part of the threshold requirement of Article III of the Constitution that those who seek to invoke the power of the federal courts must allege an actual case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). To satis-

fy the case or controversy requirement a plaintiff must establish three elements: "(1) an injury-in-fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue—the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision by the Court." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir.2002); *see Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Thus, a plaintiff's injury must be "actual or imminent," and not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The plaintiff must "clearly and specifically set forth facts sufficient to satisfy the Article III standing requirement in the Complaint, insofar as a federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Ark.*, 495 U.S. 149, 156, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

Preliminarily, the Court must address whether standing is determined solely by the injury to the named plaintiff prior to and separately from that of the putative class in an uncertified class action lawsuit. Defendant alleges that the distinct injuries that Plaintiff has suffered must be the basis to assess whether or not she has standing, and not the injuries suffered by other, unidentified members of the class. (Doc. # 11 at 3, 4.) Conversely, Plaintiff's assertion that she has standing is based both on her personal injuries, and the collective injuries suffered by members of the purported class. (Doc. # 10 at 7, 8.) The Court finds Defendant's argument convincing.

In the context of a class action lawsuit, the United States Supreme Court has stated that any named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). If a named member purporting to represent a class does not have standing, she may not seek relief on behalf of herself or any other member of the class. *See O'Shea v. Littleton*, 414 U.S. at 494–95, 94 S.Ct. 669. Consequently, the Court must dismiss a case if the named plaintiff does not have standing regardless of whether members of the putative class have suffered injuries. *See Courtney*, 297 F.3d at 467 (holding that "[b]ased upon our conclusion that plaintiffs lack standing to bring lawsuit ... they cannot advance the claims of other unnamed individuals").

Moreover, despite references to the word "Plaintiffs" in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, this case has yet to be certified. (Doc. # 10 at 8; Doc. # 3 at 21.) Thus, as a prerequisite to certification, the Court will examine only the injuries alleged in the Amended Complaint that the named Plaintiff has suffered to determine whether she has suffered an injury in the manner specified to have standing. *See Courtney*, 297 F.3d at 467 (concluding that because named plaintiffs lacked standing to bring their lawsuit, the district court did not err in denying plaintiffs' motion for class certification).

Independently of the putative class members, Plaintiff alleges that she has sufficiently plead an injury to confer standing to bring suit. (Doc. # 10 at 7, 8.) In the introductory paragraph of the Amended Complaint, Plaintiff contends that she has standing to bring suit because Plaintiff and the Class have been "subjected to a substantially increased risk of identity theft, and have incurred the cost and in-

convenience of, among other things, canceling credit cards, closing checking accounts, ordering new checks, obtaining credit reports and purchasing identity and/or credit monitoring." (Doc. # 14 ¶ 1.)

The Court recognizes that when ruling on a motion to dismiss under Federal Rule 12(b)(6), the Court must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge*, 281 F.3d at 619. However, the general introductory paragraph of the Amended Complaint is inconsistent with the specific factual allegations in each of Plaintiff's causes of action. (Doc. # 14 ¶¶ 47, 55, 60, 67, 78.) The Defendant is correct when it states that "the claimed injuries of the plaintiff and of the members of the putative class are quite distinct." (Doc. # 11 at 3.) The factual allegations of the Amended Complaint claim only that the named Plaintiff has experienced "a substantial increase in her risk of identity theft and other related financial crimes." (Doc. # 14 ¶¶ 47, 55, 60, 67, 78.)

Specifically, as stated in the background section of this Order, Plaintiff's negligence claim bifurcates the injury between the injury suffered by Plaintiff, and the injury suffered by the putative class members. (Doc. # 14 ¶ 47). Plaintiff's negligence claim states that

> the class members [have been] incurring and suffering inconvenience and aggravation associated with closing accounts and opening new accounts, obtaining credit reports, and purchasing credit and/or identity monitoring . . . [and the] *Plaintiff and the Class* have been subjected to substantial increase in their risk of identity theft and other related financial crimes.

*Id.* (emphasis added).

With respect to Plaintiff's remaining claims, which include claims for breach of contract, conversion, and breach of fiduciary duty, Plaintiff alleges that *Plaintiff and the Class'* damages amount only to "hav[ing] been subjected to a substantial increased risk of identity theft or other related financial crimes." (Doc. # 14 ¶¶ 55, 60, 67, 78.) Thus, given the blatant inconsistency between the general introductory paragraph of the Amended Complaint and the specific factual allegations plead throughout, the Court cannot conclude that the introductory paragraph of the Amended Complaint is an accurate factual representation of Plaintiff's specific allegations. (Doc. # 14 at ¶¶ 1, 47, 55, 60, 67, 78.) To come to an opposite conclusion, would require the Court to impermissibly make an "unwarranted inference of fact" under the 12(b)(6) standard of review. *Perry*, 324 F.3d at 848.

Therefore, because the specific factual allegations of the Amended Complaint (Doc. # 14 at ¶¶ 47, 55, 60, 67, 78) do not allege that the Plaintiff has personally experienced any injury other than "hav[ing] been subjected to a substantial increased risk of identity theft or other related financial crimes," the Court must accept the specific allegations Plaintiff makes as a true representation of the injury that the Plaintiff has suffered. *Inge*, 281 F.3d at 619. With that issue decided, the Court must next determine whether Plaintiff can assert standing solely on the basis of "hav[ing] been subjected to a substantial increased risk of identity theft or other related financial crimes." (Doc. # 14 at ¶¶ 47, 55, 60, 67, 78; Doc. # 10.)

Defendant argues that Plaintiff's allegation that she is subject to a "substantial increased risk of identity theft or other related financial crimes" is insufficient to confer standing to sue. (Doc. # 6 at 4–5.) In contrast, Plaintiff contends that a substantial increase in the risk of future financial harm does suffice to support standing. (Doc. # 10 at 12–13.) The Court finds

Defendant's argument to be correct on these facts.

The United States Supreme Court has held a plaintiff lacks standing when the alleged injury is dependent upon the perceived risk of future actions of third parties not before the Court. *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (stating that plaintiff alleging a future injury at some indefinite time does not support a finding of an "actual or imminent injury"); *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (stating that the case or controversy limitation of Article III prohibits a federal court from redressing injuries that result from an independent action of some third party not before the court).

In the *City of Los Angeles v. Lyons,* 461 U.S. 95, 97, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), city police officers placed plaintiff in a chokehold and injured him after stopping him for a traffic violation. As a result, he sought injunctive relief to bar the use of such tactics by city police. *Id.* Plaintiff alleged that "he justifiably feared that any future contact he might have with police officers might again result in his being choked without provocation." *Id.* The Supreme Court, overturning the injunction granted by the lower court, held that the plaintiff had no standing to sue and the Court could not agree that the "odds" that the plaintiff would be subjected to a chokehold without provocation were sufficient to make out a federal case for equitable relief *Id.* at 108, 103 S.Ct. 1660.

In the identity theft context, courts have embraced the general rule that an alleged increase in risk of future injury is not an "actual or imminent" injury. Consequently, courts have held that plaintiffs do not have standing, or have granted summary judgment for failure to establish damages

in cases involving identity theft or claims of negligence and breach of confidentiality brought in response to a third party theft or unlawful access to financial information from a financial institution. *See Giordano v. Wachovia Sec.,* Civ. No. 06–476JBS, 2006 WL 2177036, at *1 (D.N.J. July 31, 2006); *Forbes v. Wells Fargo* 420 F.Supp.2d 1018 (D.Minn.2006); *Guin v. Brazos Higher Educ. Serv. Corp., Inc.,* No. Civ. 05–668, 2006 WL 288483 (D.Minn. Feb. 7, 2006); *Stollenwerk v. Tri–West Healthcare Alliance,* No. Civ. 030185PHXSRB, 2005 WL 2465906 (D.Ariz. Sept 6, 2005).

For example, in *Giordano,* the Northern District of New Jersey held that the plaintiff failed to prove an injury-in-fact and therefore lacked standing to bring her claim against Wachovia Securities ("Wachovia"). *Giordano,* 2006 WL 2177036, at *4. The plaintiff, a customer of Wachovia, provided Wachovia with certain personal confidential financial information. *Id.* at *1. Approximately ten months after the plaintiff had opened her account, Wachovia printed a report containing the financial information about plaintiff and tens of thousands of Wachovia customers. *Id.* This report was lost in the mail. *Id.* Although there was no evidence that the plaintiff's information had been actually obtained by a third party, Wachovia offered (and plaintiff accepted) one year of free credit-monitoring services. *Id.* After that year, the plaintiff filed a class action suit seeking, among other remedies, that Wachovia establish a credit monitoring program at its own expense "to ensure timely detection of any and all persons" who attempt to use the plaintiff's information as a result of Wachovia's "careless and reckless conduct." *Id.* at *2. The Court emphasized that "the plaintiff's allegations here, if true, create only the *possibility* that the Plaintiff will be harmed at some future date by the loss of plaintiff's infor-

mation or through identity theft." *Id.* at *4. In sum, the plaintiff lacked standing because her injuries were speculative and hypothetical at best.

In addition, in *Forbes,* bank customers brought an action alleging breach of contract, negligence, and breach of fiduciary duty against the bank after their personal information on computers was stolen from a corporation that had been retained by the bank to print monthly statements. *Forbes,* 420 F.Supp.2d at 1018. The plaintiffs contended that the time and money they had spent monitoring their credit sufficed to establish damages. *Id.* at 1020. Granting summary judgment to the defendant on all counts, the court emphasized that the plaintiffs had overlooked that their injuries were solely the result of a perceived risk of future harm. *Id.* at 1021. The court stated that the "[plaintiffs] overlook the fact that their expenditure in time and money was not the result of any present injury, but rather the anticipation of future injury that has not materialized." *Id.* Consequently, the court ruled that the "plaintiffs [had] failed to establish the essential elements of damages." *Id.*

Certainly, there are significant parallels between *Giordano, Forbes,* and Plaintiff's case here. Like *Giordano,* plaintiff's allegations, if true, create only the possibility of harm at a future date. (Doc. # 14 ¶¶ 47, 55, 60, 67, 78.) Plaintiff's alleges that her potential injury is contingent upon her information being obtained and then used by an unauthorized person for an unlawful purpose. *Id.* Moreover, the scope of the harm, if any, that Plaintiff would suffer remains entirely unknown until it actually occurs. At the present time, Plaintiff has not alleged evidence that a third party intends to make unauthorized use of her financial information or of her identity. (Doc. # 14.) The mere inquiry as to who would cause harm to Plaintiff, when it would occur, and how much illus-

trates the indefinite, and speculative nature of Plaintiff's alleged injury. In sum, Plaintiff's claims are based on nothing more than a speculation that she will be a victim of wrongdoing at some unidentified point in the indefinite future. Because Plaintiff has failed to allege that she suffered injury-in-fact that was either "actual or imminent," this Court is precluded from finding that she has standing under Article III.

Thus, Plaintiff inaccurately argues that the Sixth Circuit has announced a new rule that the increased probability of future injury is sufficient to confer standing when she cites to the Court's decisions that have recognized a cause of action based on future injury. (Doc. # 10 at 9, 10–11). Although, the Sixth Circuit has in certain instances found standing based on future harm, those cases not only act as a narrow exception to the general rule of courts rejecting standing based on increased risk of future harm, but are also factually distinguishable from the present case. Thus, for the reasons below, the Court finds that Plaintiff's analogy to *Sutton v. St Jude Medical S.C. Inc.,* 419 F.3d 568 (6th Cir. 2006) is misplaced.

In *Sutton,* a putative class representative alleged that he was implanted with a defective medical device following a cardiac bypass surgery. *Sutton,* 419 F.3d at 568. The plaintiff further alleged that the implementation of the device put him at a "substantially greater risk of developing future medical problems, and that the increased risk required current and future medical monitoring." *Id.* Plaintiff references *Sutton* to argue that the Sixth Circuit has recognized a cause of action for medical monitoring when presented with the same argument that Defendant offers in the present case. In *Sutton,* the Sixth Circuit, citing several cases in the medical monitoring context, found that the plaintiff

had standing based on an increased risk of future harm. *Id.* at 574 (*citing see, e.g., In re St. Judge Med., Inc.*, No. MDL 01–1396 JRT FLN, 2003 WL 1589527 (D.Minn. Mar. 27, 2003)). This Court, like the court in *Giordano*, finds Plaintiff's analogy between the Sixth Circuit's reasoning in *Sutton* in the medical monitoring context and credit monitoring in the present case inapt. *See Giordano*, 2006 WL 2177036, at *3. In *Sutton* and the cases *Sutton* relies upon, the Court found a cause of action after a plaintiff had a medical device actually implanted in him. *Sutton*, 419 F.3d at 568–76. The plaintiff had already been exposed to the alleged harm and therefore was not merely alleging the potential of future harm. Analogizing, *Sutton* would have been a more proper comparison, if the Plaintiff's identity was actually stolen and misused. Thus, the plaintiff injury's in *Sutton*, based on distinguishable facts, was "actual and imminent," unlike Plaintiff's injury here.

Moreover, as Defendant correctly mentions, the present case is distinguishable from *Sutton* in that the injury alleged in *Sutton* was not inextricably linked to the possible criminal actions of unknown third parties at some unidentified point in the indefinite future. (Doc. # 14 ¶¶ 47, 55, 60, 67, 78.) Finally, the Court must acknowledge another important distinction between credit monitoring in the present case and medical monitoring. Medical monitoring necessarily involves preserving public health, a threat that does not present itself in the context of identity theft. *See Stollenwerk*, 2005 WL 2465906 at *4 (stating that cases involving public health may justify departure from the general rule that enhanced future risk to injury cannot be the sole basis of a negligence action).

■ Finally, Plaintiff argues that Defendant has conceded that Plaintiff alleged cognizable damages when it removed the case to federal court pursuant to the Class Action Fairness Act, which permits removal of class actions when the aggregate matter in controversy exceeds $5,000,000. (Doc. # 10 at 13.) As mentioned earlier, by dismissing all of the Plaintiff's claims for lack of standing, by implication the Court has found that the Plaintiff has not alleged cognizable damages sufficient to state a contract, negligence, conversion, or fiduciary duty claim. Furthermore, despite Plaintiff's contentions, the fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages. *See, e.g., Johnson v. Wattenbarger*, 361 F.3d 991, 993–994 (7th Cir.2004); *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 783 (5th Cir.2002). This Court's exercise of subject matter jurisdiction over Plaintiff's claims does not automatically imply that Plaintiff has stated a claim upon which the Court can grant relief. *See id.* Thus, Plaintiff argues inaccurately when she attempts to conflate jurisdictional standards with standards of review under Rule 12(b)(6).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. # 6.) The clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**